# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JUAN CARLOS PENA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV416-249 |
| | ) | CR413-004 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

After pleading guilty to sex trafficking charges, CR413-004, doc. 766,

Juan Carlos Pena now moves for 28 U.S.C. § 2255 relief. Doc. 888. Upon

preliminary review under § 2255 Rule 4, his motion must be denied.

In his plea agreement Pena waived his direct and collateral appeal

rights except on grounds here not applicable.[1] Upon that agreement the

---

[1] In its entirety:

> To the maximum extent permitted by federal law, Defendant
> voluntarily and expressly waives the right to appeal the conviction and
> sentence and the right to collaterally attack the conviction and sentence
> in any post-conviction proceeding, including a § 2255 proceeding, on any
> ground, except that: (1) Defendant may file a direct appeal of his
> sentence if it exceeds the statutory maximum; and (2) Defendant may
> file a direct appeal of his sentence if, by variance or upward departure,
> the sentence is higher than the advisory sentencing guideline range as
> found by the sentencing court. Defendant understands that this Plea
> Agreement does not limit the Government's right to appeal, but if the

Court entered its 240-month sentence and judgment against him. Doc. 776. Consistent with his waiver, Pena elected, in writing, not to appeal. Doc. 768.

One year into his prison sentence, however, he went off the rails. First, he filed a facially frivolous lawsuit against his sentencing judge.[2] *Pena v. Edenfield*, CV415-003 (S.D. Ga. Jan. 5, 2015). Then, he moved to dismiss his entire criminal case, claiming that the Court lacked jurisdiction over him. CR413-004, doc. 862 at 1-4. He declared himself a "State Citizen with the State of Sovereignty." *Id.* at 2.

The Court responded with a *"Castro* warning"[3] -- that he in actuality was advancing a § 2255 claim, and thus he must formally notify

---

Government appeals the sentence imposed, Defendant may also file a direct appeal of the sentence.

Doc. 766 at 7.

[2]  There he invoked no legal theory or statute, and he relied on a facially absurd "Affidavit" in which he declared that the judge committed "treason" for denying him "multiple constitutional rights" while engaging in a "Criminal Conspiracy," etc. -- all without specifying any supporting facts. *Pena*, CV415-003, doc. 1 at 3-4. On top of that he moved -- in that *civil* case -- to dismiss the above-noted criminal indictment against him. Doc. 9.

[3]  *See Castro v. United States*, 540 U.S. 375, 383 (2003) ("the district court must notify the *pro se* litigant that it intends to recharacterize the pleading [as a § 2255 motion], warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions,

the Court whether he wanted to use his one-time shot at § 2255 relief on his "Sovereingty" dismissal motion. Doc. 868 at 2-3 (entered Mar. 7, 2015). It included that warning within a Report and Recommendation (R&R) advising outright dismissal of Pena's civil, *Pena v. Edenfield*, case. *Id.*

Rather than respond to the *Castro* warning, Pena appealed that obviously non-final ruling/R&R to the Eleventh Circuit, doc. 871, which dismissed it on non-finality grounds. Doc. 874 (Jun. 25, 2015 Order dismissing appeal for lack of jurisdiction). Meanwhile, the presiding district judge here has not yet ruled on Pena's (April 21, 2015) Fed. R. Civ. P. 72(b)(2) Objection to that ruling/R&R, doc. 870 -- an Objection in which Pena did not even acknowledge the *Castro* warning.

Pena now seeks to exploit the inaction on his R&R objection (likely caused by his election to file a frivolous appeal of the non-final R&R) by insisting that his "motion to dismiss," which he never *Castro*-elected to treat as a § 2255 motion, in fact is a pending § 2255 motion. He thus would now "amend" that with his latest filing (thereby skirting past §

---

and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.").

2255(f)'s one-year limitation period) to raise ineffective-assistance claims aimed at vacating his conviction and sentence. Doc. 888 at 13.[4]

That dog won't hunt. Pena's dismissal motion remains just that because he never responded to the *Castro* warning. Hence, the § 2255 motion that Pena just filed *is* his first and only § 2255 motion. And that, in turn, is untimely: He had one year from the date of his February 20, 2014 conviction to file it, but did not.[5] Since he never responded to this Court's *Castro* warning (and thus, agreed to the recharacterization of his

---

[4]  Within that "amendment" he contends that, had he known about the game-changing defense he believes existed (*i.e.,* he would have won a suppression motion), he would never have pled guilty, so that renders his guilty plea "involuntary." That, in turn, entitles him to a do-over. Doc. 889.

[5]  After the Court sentenced him to 240 months' imprisonment on February 20, 2014, doc. 766, he elected not to appeal, doc. 768 at 2. His conviction thus became final on April 3, 2014. *See* Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment). He had to file his § 2255 motion by no later than one year later, April 3, 2015, 28 U.S.C. § 2255(f), but did not formally file a document indicating "§2255 intent" until September 14, 2016, *see* Doc. 888 at 15 (his signature date). Hence, he missed the one-year deadline.

  Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "'fundamental miscarriage of justice'" that "'has probably resulted in the conviction of one who is actually innocent.'" *Fail v. United States*, 2016 WL 1658594 at * 4 (S.D. Ga. Mar. 23, 2016) (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). Movant invokes neither tolling nor the miscarriage exception, and he offers no new evidence or exceptional circumstances to trigger either.

motion to dismiss as a §2255 motion), he cannot now treat it as an amendable § 2255 motion with his September 14, 2016, § 2255 filing.[6]

Accordingly, Juan Carlos Pena's 28 U.S.C. § 2255 motion (doc. 888) should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED** this __27th__ day of September, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6] The Court notes that Pena has cynically slipped a "lost-appeal" claim into his latest filing, implying that he told his lawyer to file an appeal but was ignored, doc. 888 at 2 ("Pena's counsel failed to perfect any appeal"); *id.* at 4 ("MOVANT WAS ABANDONED BY COUNSEL, WHO FAILED TO PERFECT A TIMELY NOTICE OF APPEAL"). Unsurprisingly, he ignores his own written election *not* to appeal. Doc. 768 at 2.