# United States District Court
# Southern District of Georgia
# Savannah Division

| | | |
|---|---|---|
| JUAN CARLOS PENA,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV416-249<br>CR413-004 |

**ORDER**

After pleading guilty to sex trafficking charges, dkt. no. 766, Juan Carlos Pena moved for 28 U.S.C. § 2255 relief. Dkt. No. 1. Upon preliminary review under § 2255 Rule 4, the Magistrate Judge recommended that his motion be denied as both waived under the terms of his plea agreement and as untimely. Dkt. No. 3. Pena requested, and received, an extension of time to file his objections by November 11, 2016. Dkt. Nos. 5 & 6. The extension was docketed on the criminal docket only, however, and for that reason was overlooked when the undersigned entered an Order Adopting an unopposed R&R on November 7, 2016. See Dkt. Nos. 7 & 8.

Having received a copy of the Judgment prior to the expiration of his objections period, Movant sent in his timely signature-dated objections along with a letter informing the

Court an error had been made. Dkt. No. 9 (signed November 10, 2016, notifying the Court that his objections period had not yet lapsed and asking that his objections be considered).

On February 28, 2017, Pena filed his motion to vacate the judgment, contending that the Court incorrectly entered judgment without reviewing his objections and failed to take corrective action. Dkt. No. 10 at 2 ("[As a] result of this Court's premature rush to judgment, this Court denied Movant his right to have his Objections duly considered and addressed by this Court upon the merits." (citing 28 U.S.C. § 636(b)(1)).

Movant is correct. He *did* timely file a Fed. R. Civ. P. 72(b)(2) Objection. Dkt. No. 10. The Court therefore grants his reconsideration motion, id., vacates its Order and Judgment adopting the R&R, dkt. nos. 7 & 8, and now reaches his Objection, dkt. no. 9. Movant objects that the Court erred by focusing on the terms of his plea agreement and its appeal waiver, because his plea was involuntarily and unknowingly made and he is "actually innocent." Dkt. No. 9 at 2-3. Movant's clear testimony at his Rule 11 plea hearing, however, contradicts his contentions. There, he swore under oath that no one had pressured or coerced his plea, he had fully reviewed the plea agreement and its terms with his attorney, and he understood the terms and conditions of the agreement. See CR413-004, dkt. no. 634 (Rule 11 plea hearing transcript) at 18



AO 72A
(Rev. 8/82)

& 25-28. Pena admitted the factual basis of the conviction and testified that he wished to plead guilty because he "is guilty." Id. at 20-21, 28. He further swore that he fully understood the rights he was giving up by pleading guilty, including his direct and collateral appeal rights. Id. at 5-6, 10-13, 15-18, 21, 22, 24-25, 29-30.

Based on his unambiguous and clear testimony, the Court found that Pena was "fully aware of what he wishes to do and the significance of this proceeding" and "fully capable of making the decisions he's made. He is mature enough not to be influenced by any coercion, and he understands the charges, the meaning of them." CR413-004, dkt. no. 634 at 30, 32. The Court further concluded that Pena "has the intelligence and competence to make his decision and has offered his plea of guilty as a matter of his own free choice, and he has not been forced into doing so," and accepted the plea. Id. at 32, 39.

Faced with his previous sworn affirmation of understanding in an otherwise thorough and wide-ranging plea colloquy, and his present unsworn, self-serving testimony to the opposite effect at a time when he has every incentive to embellish, see Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014), the Court finds Movant's plea testimony dispositive. Movant cannot now escape his sworn testimony at the Rule 11 hearing, that his plea was both knowing and voluntary, only to



AO 72A
(Rev. 8/82)

now claim that it was neither. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of veracity."); accord United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987) ("While Rule 11 is not insurmountable, there is a strong presumption that the statements made during the colloquy are true."); United States v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) ("[I]f the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely.").

Hence, Movant's unintelligent-plea claim fails on the merits,[1] and his plea-agreement collateral review waiver continues to do its work to bar his § 2255 motion. Dkt. No. 3 (R&R recommending dismissal of the motion, inter alia, as waived by plea agreement); see also Taylor v. United States, No. CV615-026, 2016 WL 742118, at *3 (S.D. Ga. Feb. 24, 2016) (stating that waivers will be enforced if "(1) the district court specifically questioned the defendant about the waiver during

---

[1] His claim is also procedurally barred. Movant could have, but did not, raise his plea claim on direct appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998) ("[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). A movant may not use his collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004); McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011).



AO 72A
(Rev. 8/82)

the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver" (quotation marks omitted) (citing United States v. Benitez-Capata, 131 F.3d 1444, 1446 (11th Cir. 1997))). Nothing in his Objection commends a contrary ruling here.

Accordingly, while the Court **GRANTS** Movant's motion to vacate the judgment, dkt. no. 10, and thus **VACATES** its November 7, 2016 Order and Judgment, dkt. nos. 7 & 8, it nevertheless **DENIES** Movant's § 2255 motion. Dkt. No. 1. It also adopts and affirms the R&R's conclusion that no Certificate of Appealability, much less leave to appeal *in forma pauperis*, is warranted.

**SO ORDERED**, this 15 day of May, 2017.

LISA GODBEY WOOD, DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA



AO 72A
(Rev. 8/82)